J-S43043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :
          v.                   :
                             :
                             :
DENNIS KENNETH MADISON       :
                             :
         Appellant        :   No. 1415 EDA 2022

Appeal from the PCRA Order Entered May 3, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007654-2010

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:             **FILED MARCH 22, 2023**

Appellant Dennis Kenneth Madison appeals *pro se* from the order denying his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in concluding that he failed to meet an exception to the PCRA time bar.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** PCRA Ct. Op., 6/30/22, at 1-3.  Briefly, Appellant pled guilty to third-degree murder and conspiracy on September 30, 2011.  That same day, the trial court imposed the agreed-upon sentence of seventeen and a half to forty years' incarceration.  Appellant did not file post-sentence motions or a direct appeal.

---

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant filed his first *pro se* PCRA petition on November 16, 2016.  The PCRA court appointed counsel, who filed a **Turner**/**Finley**[2] petition on Appellant's behalf.  The PCRA court ultimately dismissed Appellant's PCRA petition as untimely and granted PCRA counsel leave to withdraw.  **See** PCRA Ct. Order, 3/27/15.  On appeal, this Court affirmed.  **See Commonwealth v. Madison,** 2357 EDA 2017, 2018 WL 3015266 (Pa. Super. filed June 18, 2018) (unpublished mem.).

On February 10, 2022, Appellant filed the instant *pro se* PCRA petition, his second.  **See** PCRA Pet., 2/10/22; Brief in Support of PCRA Pet., 2/10/22.  Therein, Appellant claimed that he met the newly discovered fact exception to the PCRA time bar based on exculpatory evidence that was "not available until 2021 and did not come to light until after [he] pled guilty."  Brief in Support of PCRA Pet. at 5.

On March 25, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's untimely petition without a hearing.  Appellant filed a *pro se* response in which he abandoned his newly discovered fact claim and argued that his petition was timely under the governmental interference exception to the PCRA time bar.  On May 15, 2022, the PCRA court issued an order dismissing Appellant's petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  The PCRA court issued an opinion in which it concluded

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

that Appellant had failed to establish any exception to the PCRA time bar. *See*

PCRA Ct. Op. at 4-5.

On appeal, Appellant raises the following claims:

1. Did the PCRA court err by not fairly reviewing [A]ppellant's PCRA petition issues based on: (1) the government interference claim under 42 Pa.C.S. § 9545(b)(1)(i); and (2) [A]ppellant being denied due process in accordance with the [Fourteenth Amendment of the United States Constitution]?

2. Was the PCRA court's determination of "untimely," fairly assessed in evaluating the totality of the circumstances, where the government interference was based on a *Brady*[3] violation, contrary to the due process clause of the [Fourteenth Amendment of the United States Constitution]?

3. Did the PCRA court err and cause prejudice to [A]ppellant's due process rights by not fairly reviewing [A]ppellant's claims that the prosecution did not disclose *Brady* materials based on ballistic, forensic, and DNA evidence, that was withheld (which would have resulted in a different outcome), in violation of [A]ppellant's rights secured under the [Fourteenth Amendment of the United States Constitution]?

4. Did the PCRA court err by not reviewing the trial court's records as to whether the court violated Appellant's rights based on the non-disclosure claim, pertaining to *Brady* materials requested, which was denied by the prosecution, in violation of [A]ppellant's due process rights secured under the [Fourteenth Amendment of the United States Constitution]?

5. Did the PCRA court erroneously apply an incorrect exception under 42 Pa.C.S. § 9545(b)(1)(ii); instead of 42 Pa.C.S. § 9545(b)(1)(i), government interference (where under that exception, [A]ppellant has to prove due-diligence or assert when the after discovered exculpatory evidence became available to him), which violated his burden of proof that shifts the proof under 42 Pa.C.S. § 9545(b)(1)(ii)?

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963).

6. Did the PCRA court err by applying due-diligence pursuant to 42 Pa.C.S. § 9545(b)(1)(i), and by "time barring" [A]ppellant when the prosecution never disclosed **Brady** material, in violation of [A]ppellant's due process rights secured under the [Fourteenth Amendment of the United States Constitution]?

7. Did the PCRA court err by not ruling on disclosure at the pre-trial stage where the court denied all request without a hearing, which caused prejudice upon [A]ppellant, in violation of his due process rights secured under the [Fourteenth Amendment of the United States Constitution]?

8. Did the PCRA court commit reversible error, or abuse its discretion by alleging that the PCRA petition was "untimely," based on added elements to the **Brady** exception, by requiring [A]ppellant to prove due-diligence under 42 Pa.C.S. § 9545(b)(1)(i)?

9. Did the PCRA court err by ignoring or refusing to render a final decision based on the disclosure of **Brady** materials requested, regarding ballistic, forensic, and DNA results, that resulted in a manifest injustice and prejudice, in violation of [A]ppellant's due process rights secured under the [Fourteenth Amendment of the United States Constitution]?

Appellant's Brief at 2-3 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, Appellant's judgment of sentence became final on October 31, 2011, the date on which the time to file a direct appeal expired.[5] *See* 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(c)(3) (requiring that when no post-sentence motion has been filed, a notice of appeal to Superior Court must be filed within thirty days of the imposition of the judgment of sentence in open court). Accordingly, the deadline to file a timely PCRA petition was October 31, 2012. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's instant PCRA petition, filed on February 10, 2022, is therefore facially untimely.

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

[5] The thirtieth day actually fell on Sunday, October 30, 2011, and it is excluded from the calculation of time. *See* 1 Pa.C.S. § 1908.

Appellant argues that he met the government interference exception to the PCRA time bar.[6,7] Appellant's Brief at 10. Specifically, Appellant contends that the Commonwealth "withheld **Brady** [m]aterials favorable to Appellant, that was based on ballistic evidence, and a forensic analysis report that the prosecution alleges 'was not available,' or 'wasn't in their possession' during the pre-trial stage." **Id.** Appellant argues that he did not become aware of the Commonwealth's alleged "misconduct until sometime in 2021, when [he] filed a motion to obtain information concerning forensic evidence with the State Police under the 'Right to Know Law,'" which was subsequently forwarded to the trial court and denied on November 19, 2021. **Id.** Further, although Appellant claims that he "has indeed exercised due[]diligence throughout all criminal procedures," he argues that the Commonwealth's failure to disclose **Brady** materials "negates any due diligence obligations upon [A]ppellant[.]" **Id.** at 10, 13. Therefore, Appellant concludes that his

_____

[6] As noted previously, although this claim was not included in Appellant's *pro se* PCRA petition, Appellant did raise the government interference exception in his response to the PCRA court's Rule 907 notice.

[7] We note that although Appellant lists nine issues in his statement of questions, he only includes one argument section in his brief. **See** Pa.R.A.P. 2119(a) (stating that the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). However, it is clear that Appellant's primary claim is that he met the government interference exception to the PCRA time bar. Therefore, because the defects in Appellant's brief do not hamper our review of that claim, we decline to find the issue waived.

instant PCRA petition was timely and that he "has satisfied the due diligence prong[.]" *Id.* at 13-14.

The Commonwealth responds that Appellant "utterly fails to address how the [timeliness] exception is actually applicable" and instead "spends the majority of his brief arguing the actual merits of *Brady* claim, which is wholly irrelevant to the issue of the timeliness of his petition." Commonwealth's Brief at 10. In any event, the Commonwealth emphasizes that Appellant received the alleged *Brady* materials prior to entering his guilty plea, which is reflected in the record from the preliminary hearing, pre-trial motions hearing, and plea hearing. *Id.* at 11-13. With respect to due diligence, the Commonwealth notes that although Appellant knew that the ballistic and forensic reports existed in 2011, he offers no explanation as to why he waited until 2021 to request copies. *Id.* at 14. Therefore, the Commonwealth argues that Appellant has failed to establish a timeliness exception and is not entitled to relief.

It is well settled that a *Brady* claim may fall within the governmental interference and newly discovered fact exceptions to the PCRA time bar. *Commonwealth v. Natividad*, 200 A.3d 11, 28 (Pa. 2019). To raise a *Brady* claim in the context of Section 9545(b)(1)(i)'s "governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)

(citation omitted).  Due diligence requires that the petitioner take reasonable steps to protect his own interests.  ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).  Further, the merits of the underlying ***Brady*** claim are irrelevant when determining whether a petitioner has established a timeliness exception.  ***Abu-Jamal***, 941 A.2d at 1268.

Here, as noted previously, the PCRA court concluded that Appellant failed to establish the government interference exception to the PCRA time bar.  ***See*** PCRA Ct. Op. at 3-4.  Specifically, the PCRA court explained:

> In his [Rule] 907 response, [Appellant] now alleges his petition is timely because the failure to raise the claim previously was the result of interference by government officials. Again, [Appellant] makes nothing other than boilerplate allegations to support this claim.  Accordingly, [Appellant's] PCRA petition is untimely.  As a result, this [c]ourt lacks jurisdiction to entertain his petition.

***Id.*** at 5.

Based on our review of the record, we conclude that the PCRA court's conclusion is supported by the record and free of legal error.  ***See Sandusky***, 203 A.3d at 1043.  Appellant has failed to demonstrate that his failure to raise the underlying ***Brady*** claim earlier was the result of interference by government officials.  ***See Abu-Jamal***, 941 A.2d at 1268.  Further, although the record reflects that Appellant was aware of the alleged ***Brady*** materials at the time his criminal proceedings began in 2011, Appellant does not explain

why he failed to obtain copies of the reports until 2021.[8]  Therefore, Appellant

has failed to demonstrate that the information could not have been obtained

earlier with the exercise of due diligence.  *See id.*  On this record, we agree

with the PCRA court that Appellant's petition was untimely and that he failed

to prove the governmental interference exception to the PCRA time bar.  *See*

*id.*  Accordingly, we affirm.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/22/2023</u>

---

[8] The record reflects that the Commonwealth introduced the ballistics and forensic reports at Appellant's preliminary hearing in 2011.  *See* N.T. Prelim. Hr'g, 4/6/11, at 7, 80, 85.  At the pretrial motions hearing, Appellant's counsel confirmed that the Commonwealth had provided the defense with all of the available discovery materials.  *See* N.T. Pretrial Mot. Hr'g, 8/18/11, at 20. Finally, at Appellant's guilty plea hearing, the Commonwealth introduced the reports as the factual basis for Appellant's plea.  *See* N.T. Guilty Plea Hr'g, 9/30/11, at 12-13.